UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BRIAN KEITH WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:25-cv-00160-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN GILLEY, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

*** *** *** ***

Inmate Brian Keith Wright has filed a *pro se* complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1]. This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Wright indicates that he was confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky in late 2023 until his transfer to another prison in January 2024. [R. 1 at 5.] He alleges that before his transfer, Correctional Officer Simpson made racist remarks towards him and began removing food from his food trays. This conduct continued until Wright filed

Case: 6:25-cv-00160-GFVT    Doc #: 6    Filed: 09/15/25    Page: 2 of 5 - Page ID#: 27

grievances about it and Simpson was reassigned to another unit. *See* [R. 1 at 2.] At that point Correctional Officer Sims began removing food from Wright's food tray. Wright again complained, and Sims was also reassigned to another unit. *See id*. Wright alleges that Lieutenant Smith then told him that a formal investigation was being conducted about these incidents, and asked Wright to drop his complaints in exchange for transferring him to another prison. Wright refused. *See id*. Wright alleges that Smith and Special Investigative Services Officer Hayze then retaliated against him by interfering with his efforts to "drop out" of his gang affiliation, which involves transfer to another prison. *See* [R. 1. at 2-3.] Wright indicates that he was then transferred to another prison yard where he was stabbed, presumably by another inmate. *See id*. at 3. Wright further states that in response to one of his inmate grievances, Warden Gilley ordered that he be given double portions of food to regain some weight he lost as a result of the removal of food from his food trays. *See id*.[1] Wright was transferred from USP-McCreary to another prison in late December 2023 or early January 2024. *See* [R. 1 at 5.] Wright states that he filed grievances while he was confined at USP-McCreary and appealed to the regional office, but after his prison transfer he did not appeal to the Central Office. *See id*. at 6. Wright seeks $40 million in damages and an Order transferring him out of his current prison. *See id*. at 8.

      The Court, having reviewed the complaint, will dismiss this action on several grounds. First, Wright acknowledges that he failed to exhaust his administrative remedies, and neither his transfer to another prison or conclusory allegations of staff interference with the process are sufficient to excuse that failure. *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011)

---

[1] Wright further claims that he is wrongfully convicted and illegally incarcerated, and relates at length an alleged conspiracy by and between federal law enforcement officers, prosecutors, and judges. *See* [R. 1 at 3-4.] Because these allegations do not form the basis for any claims asserted against the named defendants, the Court does not consider them further.

2

("Generally, the transfer of a prisoner from one facility to another does not render the grievance procedures at the transferor facility 'unavailable' for purposes of exhaustion.") (cleaned up); *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 998 (6th Cir. 2004) ("[A] prisoner who contends that he failed to exhaust out of fear should also have to 'describe with specificity' the factual basis for his fear."); *Arbuckle v. Bouchard*, 92 F. App'x 289, 291 (6th Cir. 2004). The failure to exhaust administrative remedies is alone ground for dismissal. 42 U.S.C. § 1997e(a).

Second, Wright waited too long to file his complaint. "*Bivens* claims have a one year statute of limitations under Kentucky law." *Mitchell v. Chapman*, 343 F.3d 822, 825 (6th Cir. 2003). Wright therefore had one year after the events complained of to file suit. Wright does not indicate exactly when the alleged events occurred, but he states that they continued until he was transferred out of the prison in early January 2024. [R. 1 at 5.] He would therefore had to have filed suit by January 2025. Of course, Wright is entitled to equitable tolling during any period when he was timely and diligently exhausting his administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). But Wright indicates he ceased exhaustion efforts after he was transferred no later than January 2024. [R. 1 at 6.] Because Wright waited approximately 20 months after his January 2024 prison transfer before filing suit, his complaint is evidently time-barred, and must be dismissed. *See Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (*citing Haskell v. Washington Township*, 864 F. 2d 1266, 1273 (6th Cir. 1988).

Many of Wright's allegations simply fail to state a claim of constitutional magnitude. For example, a prison guard's utterance of racist statements would be unprofessional, but not a violation of constitutional rights. *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir.

3

2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding "harassment and verbal abuse ... do not constitute the type of infliction of pain that the Eighth Amendment prohibits"). And the allegation that prison guards removed food from Wright's tray, without more, does not state an Eighth Amendment claim. *Cf. Williams v. Coughlin*, 875 F. Supp. 1004, 1010-12 (W.D.N.Y. 1995). After all, the Constitution "does not mandate comfortable prisons … only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981) (cleaned up)).

More fundamentally, Wright's claims are not of the kind cognizable under *Bivens*. The Supreme Court has recognized an implied damages action against federal actors in only three contexts: (1) a Fourth Amendment claim for an arrest unsupported by probable cause or a warrant, *Bivens*, 91 S. Ct. at 2002–05; (2) a Fifth Amendment claim for sex discrimination in employment against a member of Congress, *Davis v. Passman*, 99 S. Ct. 2264, 2269 (1979); and (3) an Eighth Amendment claim for deliberate indifference to a prisoner's serious medical needs, *Carlson v. Green*, 100 S. Ct. 1468, 1471–74 (1980). The Supreme Court has repeatedly cautioned lower courts against extending the *Bivens* remedy to any context beyond those. *See Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) ("[W]e have emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity.") (citation and internal quotation marks omitted). Applying the governing framework, the Sixth Circuit has held that an implied remedy should not be extended to an inadequate nutrition claim predicated upon the removal of food from an inmate's food tray by other inmates. *Cf. Pontefract v. United States*, No. 20-3064, 2020

WL 8513590, at *2 (6th Cir. Nov. 6, 2020) (holding that the claim presents a new context, and that the expertise of government officials in prison administration and the availability of administrative remedies constitute special factors counseling against remedy extension). The Court concludes that the same special factors indicate that the limited *Bivens* remedy should not be extended to cover claims of the kind asserted by Wright here. In light of the foregoing, the Court will dismiss the complaint for failure to state a claim.

Accordingly, it is **ORDERED** as follows:

1. Wright's complaint [R. 1] is **DISMISSED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This the 15th day of September, 2025.

Gregory F. Van Tatenhove
United States District Judge